```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRIS L. WEINSCHENDER,          :
          Plaintiff
                               :

          vs.                  :   CIVIL NO. 1:CV-06—0914

                               :
ARTHUR J. SCHWAB, et al.,
          Defendants           :
```

*M E M O R A N D U M*

I.    *Introduction*.

      The pro se plaintiff, Kris L. Wienschenker, filed this civil rights action against defendants, Arthur J. Schwab, a judge on the United States District Court for the Western District of Pennsylvania; Mary Beth Buchanan, the United States Attorney for the Western District; Mark Kappelhoff, the section chief for the Criminal Section of the Civil Rights Division in the Department of Justice; and Kristen Marcus and Edward Taylor, deputy clerks in the Office of the Clerk of Court for the Western District.

      Plaintiff filed this lawsuit in the Western District of Pennsylvania and alleges the defendants were "negligent in their official duties and obstructed justice in processing the civil complaints," (Compl. ¶ 1), in three previous lawsuits filed by Plaintiff in that district, all of which were dismissed by Judge

Schwab.[1] Plaintiff seeks damages, including the amount he spent on the filing fee for the three cases.

We are considering Defendants' motion to dismiss the complaint, or in the alternative, for summary judgment. Defendants argue that we should dismiss the complaint because all of the Defendants are absolutely immune from suit; Judge Schwab on the basis of judicial immunity; deputy court clerks Marcus and Taylor on the basis of quasi-judicial immunity; and United States Attorney Buchanan and Department of Justice Attorney Kappelhoff on the basis of prosecutorial immunity. Plaintiff has not opposed the motion.

In considering Defendants' motion to dismiss, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in Plaintiff's favor. *See Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). We may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) only if it is clear that no relief could be granted to Plaintiff under "any set of facts that could be proven consistent with the allegations." *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 195 (3d Cir. 2000). The court is not limited to evaluating the complaint alone; it can also consider documents attached to the complaint, matters of public record, and indisputably authentic documents. *Delaware Nation v.*

---

[1] Because Judge Schwab is a defendant in this action, the case was assigned to us for disposition.

*Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir.), *cert. denied*, ___ U.S. ___, 127 S.Ct. 666, 166 L.Ed.2d 547 (2006).

For the most part, we agree with Defendants' arguments and will grant the motion to dismiss for the reasons that follow.

II.   *Background.*

The three previous cases and this one arise out of Plaintiff's criminal conviction in the Court of Common Pleas of Westmoreland County, Pennsylvania. In Plaintiff's first case, No. 06-CV-409, he sued various state judges, court-appointed defense lawyers, prosecutors, and public officials for alleged constitutional violations in connection with his conviction. (Doc. 15, Attach. 4.) Judge Schwab was assigned the case and dismissed it sua sponte on the basis that all the defendants were immune from suit. (Doc. 15, Attach. 1.) Plaintiff then filed his second civil suit, No. 06-CV-519, naming the United States as the defendant, and claiming it was unconstitutional for Judge Schwab to have dismissed his lawsuit. (Doc. 15, Attach. 2, memorandum opinion of Judge Schwab in No. 06-519.) Judge Schwab dismissed this case as well, advising Plaintiff that the proper course was an appeal of the first lawsuit. (*Id.*) Plaintiff sued a third time, No. 06-CV-604, again naming the United States as the defendant, and claiming it was unconstitutional for Judge Schwab to have dismissed his two previous lawsuits. (Doc. 15, Attach. 3,

memorandum opinion of Judge Schwab in No. 06-604). Judge Schwab dismissed this lawsuit. (*Id.*)

In the instant action, Plaintiff avers that Judge Schwab wrongly dismissed the first action and then was improperly allowed in the next two cases to rule on the constitutionality of his dismissal order in the first suit. (Compl. ¶¶ 11-12.) Plaintiff alleges that deputy clerks Marcus and Taylor "refused" to issue a summons for Judge Schwab in the next two cases "even though FED. R. CIV. P. 4 requires it," (*id.* ¶ 13), and that "both are responsible for allowing Judge Schwab to rule on Constitutionality of his own Order." (*Id.*)

Plaintiff avers that U.S. Attorney Buchanan "was negligent in her official duties to investigate the factual allegations in all three complaints." (Compl. ¶ 14.) Plaintiff avers that Kappelhoff, the Civil Rights Division lawyer, was also "negligent in his official duties to fully investigate the factual allegations in the complaints." (*Id.*, ¶ 15). Plaintiff attaches a letter Kappelhoff sent him, advising him that after review his "complaints [did] not involve a prosecutable violation of federal criminal civil rights statutes." (*Id.,* App. 4). Plaintiff avers that no one from Kappelhoff's "office contact[ed] the plaintiff as part of the 'review.'" (*Id.* ¶ 15.)

Plaintiff seeks monetary damages of $950 for reimbursement of court filing fees for the three previous complaints, unspecified monetary damages for the emotional

4

distress caused by Defendants' alleged negligence, and a jury trial.

III. *Discussion*.

    A. *Absolute Judicial Immunity Bars the Action Against Judge Schwab*.

"The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). A judge does not forfeit that immunity simply because an action taken was erroneous, done maliciously or exceeded his authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331, 339 (1978). Judicial immunity does not apply to nonjudicial actions or to actions that, while judicial in nature, are taken in the complete absence of all jurisdiction. *Gallas*, 211 F.3d at 768.[2] "Factors which determine whether an act is a 'judicial act' 'relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000). When a court has some subject-matter jurisdiction, there

---

    [2] *Gallas* was an action against a state judicial officer, but the same rule of immunity applies to federal judges. *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006).

will be sufficient jurisdiction for purposes of judicial immunity. *Id.* at 443-44.

Judge Schwab is entitled to judicial immunity. Plaintiff is complaining about orders dismissing Plaintiff's three previous lawsuits. These were judicial acts; an order dismissing a lawsuit is an act normally performed by a judge and the parties dealt with the Judge in his judicial capacity. Additionally, under 28 U.S.C. § 1331 Judge Schwab had jurisdiction over those federal civil rights lawsuits. Therefore, we agree with Defendants that the doctrine of judicial immunity bars the action against Judge Schwab.

    B.   *Deputy Clerks Marcus and Taylor*.

Defendants argue that Defendants Marcus and Taylor have quasi-judicial immunity from suit. Judicial immunity can be extended to clerks when they perform discretionary acts directly involved in the judicial process, *Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir. 1975), but we think the complaint fails to state a claim against these defendants for another reason; none of their alleged acts injured Plaintiff. Plaintiff alleges they refused to issue a summons to Judge Schwab (who was not named as a defendant) and that they were responsible for allowing Judge Schwab to rule in the second two cases. But the injury here is dismissal of the lawsuits, and that was accomplished by Judge Schwab, who was assigned the last two cases because they were related to the first

one, and who saw no need to recuse himself. (Doc. 15, Attach. 3, p. 5.)

    C.   *Absolute Prosecutorial Immunity Bars the Action Against Buchanan and Kappelhoff.*

Prosecutors are absolutely immune for "acts that are 'intimately associated with the judicial phase of the criminal process,' such as 'initiating a prosecution and . . . presenting the State's case.'" *Yarris v. County of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006)(quoting *Imbler v. Pachtman,* 424 U.S. 409, 430-31, 96 S.Ct. 984, 996, 47 L.Ed.2d 128, 143-44 (1976)).

Plaintiff complains about Buchanan's failure to investigate and Kappelhoff's failure to fully investigate. Either scenario is intimately associated with the judicial phase of the criminal process because it leads to a decision to prosecute or not (and in the case of a failure to investigate at all, a failure to prosecute by default). Because investigation in the circumstances here is tied to the decision whether or not to prosecute, Buchanan and Kappelhoff are protected by prosecutorial immunity. *See Schrob v. Catterson*, 948 F.2d 1402, 1411 (3d Cir. 1991)("A prosecutor's alleged failure to properly investigate before initiating a prosecution is also conduct within the scope of absolute immunity."); *Joseph v. Yocum*, 53 Fed. Appx. 1, 3 (10th Cir. 2002)(nonprecedential)(prosecutorial immunity applies to "the decision to prosecute, even based on an allegedly inadequate

7

police investigation, and the decision whether and when to dismiss the charges against plaintiff").

  We will issue an appropriate order.

            /s/William W. Caldwell
            William W. Caldwell
            United States District Judge

Date: April 13, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRIS L. WEINSCHENDER,          :
    Plaintiff
                              :

    vs.                         :    CIVIL NO. 1:CV-06—0914

                              :
ARTHUR J. SCHWAB, et al.,
    Defendants          :

*O R D E R*

AND NOW, this 13th day of April, 2007, it is ordered that:

    1. Defendants' motion (doc. 14) to dismiss is granted.

    2. The complaint is hereby dismissed.

    3. The Clerk of Court shall mark this case closed.

                                        <u>/s/William W. Caldwell</u>
                                        William W. Caldwell
                                        United States District Judge